**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicholas Corrow,<br><br>                                            Plaintiff,<br><br>                    -v-<br><br>Nassau County Correctional Center,<br><br>                                            Defendant. | 2:24-cv-7187<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court are two motions to proceed in forma pauperis ("IFP") filed by pro se

plaintiff Nicholas Corrow ("Corrow") while incarcerated at the Nassau County Correctional

Center in relation to his civil rights Complaint brought pursuant to 42 U.S.C. § 1983 ("Section

1983"). (IFP Mot., ECF Nos. 9-10; Compl., ECF No. 1.) Upon review, the Court finds that

Corrow's responses on the IFP Motions qualify him to commence this action without

prepayment of the filing fee. Accordingly, the IFP Motions are granted. However, as set forth

below, the Complaint does not allege any plausible claims and is thus dismissed pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**BACKGROUND**

On October 17, 2024, Corrow filed his third Complaint in this Court but did not pay the

filing fee or file an IFP motion. (ECF No. 1.) Accordingly, by Notice of Deficiency dated October

21, 2024, the Court instructed Corrow to, within 14 days, either pay the filing fee or complete and

return the enclosed IFP application and Prisoner Litigation Authorization form ("PLA"). (Not.,

ECF No. 3.) On November 18, 2024, Corrow untimely filed two IFP Motions (ECF Nos. 9-10)

and the PLA (PLA, ECF No. 8). Notwithstanding the late filing, the Court accepts the IFP Motions

and PLA.

## I.        The Complaint

The Complaint names the Nassau County Correctional Center ("the Jail") as the sole

defendant and alleges that the Jail failed to timely deliver some of Corrow's mail. It alleges that,

in September and October 2024, Corrow was delivered mail from April and August 2024.

(Compl., ECF No. 1 ¶ II.) The Complaint also alleges that Corrow's personal and legal mail is

opened and copied by Jail staff. (*Id.*) In its entirety, the Complaint's statement of claim alleges:

> Currently I am being housed in NCCC. Since my incarceration I have recieved
> mail often from loved ones. Each time I recieve my Federal mail, I receive
> "copies" of my loved ones written letters, I am told by NCCC the originals are
> placed into my property. The reason I am told for reading my personal mail is to
> ensure the drug "K2" is not in my personal letters. To add insult to injury NCCC
> has regularly recieved my "legal mail". My legal mail is not only personal, but it
> is important to the decision and outcome of my legal case and my status of
> incarceration. I have the copies made of all of my legal mail and the envelopes the
> jail staff decidedly opened, read and viewed that violate my rights as innocent til
> proven guilty and my civil rights. This personal information is necessary to help
> me litigate my case and the county and jail of said incarceration I am going
> through legal proceedings with has no right to view and read and make copies of
> my mail. My Federal and civil liberties are violated.[1]

(*Id.*) Corrow left blank the space on the Complaint that calls for a description of any injuries

suffered as a result of the challenged events yet seeks to recover a monetary award in the sum of

$100,000 "for the false and misleading reasoning to open my personal and legal mail and read

and copy all of my litigation mail." (*Id*. ¶¶ II.A., III.)

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original.
Errors in spelling, punctuation, and grammar have not been corrected or noted.

## LEGAL STANDARDS

### I.  In Forma Pauperis

Upon review of Corrow's IFP Motions, the Court finds that Corrow is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP Motions (ECF Nos. 9–10) are granted.

### II.  Sufficiency of the Pleadings

Given that Corrow is proceeding IFP, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a). The Prison Litigation Reform Act and the IFP statute, 28 U.S.C. § 1915, instruct that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1)-(2). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

3

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I.      Section 1983 Claim

Given that the Complaint alleges a deprivation of Corrow's constitutional rights, the Court construes the Complaint as bringing a claim under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at \*1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519.

### A.  The Jail Has No Independent Legal Identity

Corrow's Section 1983 claim necessarily fails because he has not named a proper party. The Jail, as an administrative arm of the municipality, Nassau County, is without an independent legal identity and cannot be sued. *See*, *e.g.*, *Holmes v. Groder*, No. 23-cv-4140 , 2024 WL 2054950, at \*8 (E.D.N.Y. May 8, 2024) (finding that the same Jail was not a proper party because it is an administrative arm of Nassau County and, "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *Harris v. Med. Unit, Yamphank*, No. 23-cv-6839, 2024 WL 1934448, at \*1 (E.D.N.Y. May 2, 2024) (sua sponte dismissing Section 1983 claims against the Suffolk County Correctional Facility, among others, because it is an "administrative arm . . . of the County of Suffolk [and] lack[s] the capacity to be

5

sued"). Accordingly, Corrow's Section 1983 claim against the Jail is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In light of Corrow's pro se status, the Court has also considered whether the Complaint plausibly alleges a claim against the municipality, Nassau County. For the reasons set forth below, it does not.

### B. Municipal Liability Under Section 1983

In order to prevail on a Section 1983 claim against a municipal entity such as Nassau County, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

The Complaint does not allege any facts from which this Court could reasonably construe that the alleged delays and procedures applied to Corrow's mail are the result of a municipal custom, policy or practice. Rather, the Complaint describes several incidents specific to Corrow. Accordingly, these claims are dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. First Amendment Claim

Even if Corrow had plausibly alleged a basis to impose municipal liability, his claim fails

for the additional reason that he has not plausibly alleged facts sufficient to state a First

Amendment claim regarding his receipt of mail at the Jail. It is well established that incarcerated

people have a First Amendment right—albeit a limited one—to send and receive both legal and

nonlegal mail. *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006). Prison officials may regulate

that right, however, if the restrictions they employ are "reasonably related to legitimate

penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989) (quoting *Turner v.*

*Safley*, 482 U.S. 78, 89 (1987)). Accordingly, regulations limiting a prisoner's right to send and

receive non-legal mail "[are] valid if [they are] reasonably related to legitimate penological

interests." *Rodriguez v. James*, 823 F.2d 8, 12 (2d Cir. 1987) (quoting *Turner*, 482 U.S. at 89);

*see also Ford v. Fischer*, 539 F. App'x 19, 19 (2d Cir. 2013) (summary order applying

*Rodriguez* standard). Thus, "[t]he regulation of inmates' mail by state prison officials . . . is a

matter of internal prison administration with which [courts] will not interfere, absent a showing

of a resultant denial of access to the courts or of some other basic right retained by a prisoner."

*Angulo v. Nassau Cnty.*, 89 F. Supp. 3d 541, 553 (E.D.N.Y. 2015)(citations omitted). To state a

plausible claim of a denial of access to the courts due to interference with legal mail, a prisoner

must allege that the defendant "took or was responsible for actions that 'hindered [a plaintiff's]

efforts to pursue a legal claim.'" *Deleon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004) (quoting *Monsky*

*v. Moraghan*, 127F.3d 243, 247 (2d Cir. 1997)); *see also Lewis v. Casey*, 518 U.S. 343, 351-53

(1996) (an access to the courts claim requires an inmate to demonstrate that he suffered an actual

injury as a result of the conduct of the defendants). To establish an actual injury, an inmate must

allege facts showing that the defendant took or was responsible for actions that hindered his

7

efforts to pursue a "nonfrivolous" legal claim. *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) (the plaintiff must identify a "nonfrivolous, arguable underlying claim" that he sought to pursue or seeks to pursue in court) (citation and quotation marks omitted)).

Here, Corrow does not allege any facts from which the Court could reasonably construe a plausible First Amendment claim even if Corrow had named a proper defendant. The Complaint lacks any allegations that the alleged interference with Corrow's mail resulted in an actual injury or hindered his ability to pursue a valid legal claim in any way. Accordingly, Corrow's Section 1983 claim, liberally construed as against Nassau County, is dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Complaint.

8

### III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, in an abundance of caution, the Court grants Corrow leave to file an amended complaint that names a proper defendant and alleges a plausible claim for relief within thirty (30) days from the date of this Memorandum and Order. *See Cruz v. Gomez*, 202 F.3d 593, 596–98 (2d Cir. 2000) (pro se plaintiffs should be afforded an opportunity to amend complaint prior to dismissal). To be clear, Corrow shall name as defendant(s), to the best of his ability, the individual(s) personally involved in the challenged conduct or inaction concerning his incoming mail at the Jail. While pleading these facts, Corrow should specify what each individual defendant did or failed to do. If Corrow does not presently know the identity of any such individual, he shall name them as a "John Doe" or "Jane Doe" and describe such individuals including the date, time, and location of the alleged constitutional violation in which each John or Jane Doe defendant was involved.

Any amended complaint shall be clearly titled "Amended Complaint," bear docket number 24-cv-7187(NJC)(LGD), and contain a short and plain statement of Corrow's claim against each individual or entity named as a defendant. If Corrow does not timely file an amended complaint, absent a showing of good cause, the Court shall enter judgment and close this case.

## CONCLUSION

For the reasons stated above, this Court grants Corrow's IFP motions (ECF Nos. 9–10),

and dismisses the Complaint (ECF No. 1) as set forth above pursuant to 28 U.S.C. §§ 1915(e)(2)

(B)(ii), 1915A(b)(1). Corrow is granted leave to file an amended complaint to pursue any claims

relating to his incoming mail at the Jail as set forth above. (*See supra* at 7–8.)

The Clerk of the Court shall mail a copy of this Memorandum and Order to Corrow at his

address of record in an envelope marked "Legal Mail" and shall also record such mailing on the

docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
       February 23, 2025


                                    */s/ Nusrat J. Choudhury*
                                    NUSRAT J. CHOUDHURY
                                    United States District Judge